IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOSEPH RAY MORRISON, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:20-cv-156 (MTT) |
| Sergeant WILBUR PALMER, et al., | ) |
| Defendants. | ) |

### ORDER

On October 5, 2022, an order sent to plaintiff Joseph Ray Morrison's address at Phillips State Prison was returned with a notation that he was deceased. Doc. 49. On November 3, 2022, the defendants filed a suggestion of death. Doc. 51. In the suggestion of death, the defendants stated they had no information regarding the creation of an estate for Morrison or the appointment of an estate representative. *Id*. at 1. The defendants indicated, however, that they would attempt to locate and serve Morrison's known next of kin. *Id.* On December 27, 2022, the defendants filed a status report outlining their efforts to locate and serve Morrison's next of kin. Doc. 55. Despite these efforts, the defendants were unsuccessful in locating and serving Morrison's next of kin. *Id*.; Docs. 55-1; 55-2; 55-3; 55-4. Further, the defendants have no other contacts for Morrison's next of kin, and they have not been contacted by any such person or estate representative. Doc. 55 at 2.

For the reasons stated below, the Court finds the service requirements have been satisfied pursuant to Rule 25(a) of the Federal Rules of Civil Procedure.

Rule 25(a) states:

> (1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> …
>
> (3) *Service.* A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a). However, before the 90 days runs for a motion for substitution, the suggestion of death must necessarily have been properly filed and served. *See Stanford v. Paulk*, 2006 WL 1651655, at *2 (M.D. Ga. June 7, 2006).

Here, the suggestion of death was properly filed and served. The Eleventh Circuit recently held that the nonparty to be served under Rule 25(a)(3) is the decedent's representative or successor. *Silas v. Sheriff, Broward Cnty., Fla.*, 55 F.4th 872, 876 (11th Cir. 2022). The defendants have no information as to Morrison's personal representative and/or successor, so they cannot serve such individuals. Doc. 55. Further, while *Silas* clarified that a family member only need be served if they are a successor or personal representative, it is reasonable to believe that a decedent's next of kin would either be a successor or personal representative or have some information as to their identity. 55 F.4th at 876. Here, despite their efforts, the defendants have been unable to locate and serve a next of kin. Doc. 55. Thus, the only persons to be served are the parties to the case. Fed. R. Civ. P. 25(a)(3). The parties in this case are all represented by the same counsel, who filed the suggestion of death.

Because the requirements under Rule 25(a) have been satisfied, the parties in this case and/or successors or representatives of Morrison's estate had ninety days

-3-

from the date of the defendants' suggestion of death upon the record, November 3, 2022, to file a motion for substitution as to Morrison.  It has now been over 160 days, and no motion for substitution has been filed, and the defendants still have no information as to Morrison's personal representative and/or successors.

Accordingly, based upon Rule 25(a), this case is **DISMISSED without prejudice** for failure to substitute a party for the deceased plaintiff.  Additionally, this case is further subject to dismissal for failure to prosecute under Rule 41(b).[1]

**SO ORDERED**, this 21st day of April, 2023.

S/ Marc T. Treadwell  
MARC T. TREADWELL, CHIEF JUDGE  
UNITED STATES DISTRICT COURT

---

[1] *See Betty K Agencies, Ltd. v. M/V MONADA,* 432 F.3d 1333, 1337 (11th Cir. 2005).